**Wimalarathne Adhikari
ARACHCHILLAGE,
Petitioner**

v.

**ATTORNEY GENERAL OF
the UNITED STATES,
Respondent.**

**No. 09–2476.**

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) March 24, 2010.

Filed: March 24, 2010.

Benjamin B. Xue, Esq., New York, NY, for Petitioner.

Remi Adalemo, Esq., Eric H. Holder, Jr., Esq., Thomas W. Hussey, Esq., Jeffrey L. Menkin, Esq., Blair O'Connor, Esq., Paul F. Stone, Esq., United States Department of Justice, Washington, DC, for Respondent.

Before: RENDELL, FISHER and GARTH, Circuit Judges.

## OPINION

PER CURIAM.

Petitioner, Wimalarathne Adhikari Arachchillage, seeks review of the Board of Immigration Appeals' ("BIA") final order of removal. For the following reasons, we will deny his petition.

### I.

Arachchillage, a native and citizen of Sri Lanka, legally entered the United States on a visa on October 24, 2004. Arachchillage remained in the United States beyond the authorized stay period. He was served with a Notice to Appear and charged as removable under INA § 237(a)(1)(B), 8 U.S.C. § 1227(a)(1)(B), as an alien who had remained in the United States for a time longer than permitted. On March 21, 2007, he filed an application for asylum and withholding of removal, and also sought protection under the Convention Against Torture ("CAT").

Arachchillage sought asylum on account of his political opinion as a member of the United National Party ("UNP"), a rival political party to the JVP.[1] Arachchillage alleged that the JVP, formerly a terrorist group that took control of the parliament in April 2004, sought vengeance against the UNP. He testified that members from the JVP threw rocks and fired shots at the factory building where he worked, and came to his home and threatened him with death, causing him to flee Sri Lanka. Arachchillage testified that he left Sri Lanka for two weeks to escape the JVP, and when he returned, the death threats continued. Arachchillage detailed an incident where he witnessed the abduction of a political colleague; although he did not know who participated in the abduction, he suspected it was members of the JVP. In addition, Arachchillage testified that he had never been physically assaulted or arrested by the police or any group in Sri Lanka, but because of his fear of the ongoing civil strife, he decided to flee Sri Lanka permanently.

Arachchillage claimed that he did not apply for asylum upon arriving in the United States because he was afraid that he could be harmed and did not know that he could file for protection. He testified that his family's house was destroyed by fire in January 2007, and stated that his father suspected the JVP, but admitted that there were no witnesses and he did not know who was responsible. He also discussed how his housekeeper in Sri Lanka quit after being threatened and stated that someone stole garden tools and livestock from his property. He did not know who was involved with these incidents.

The IJ determined that Arachchillage was statutorily ineligible for asylum because his application was time-barred and he failed to qualify for any exceptions to the one-year bar. In analyzing Arachchillage's claim for withholding of removal, the IJ found that he had not experienced past persecution and could not show well-founded fear of future persecution. Thus, he failed to meet the stricter burden of proof for withholding of removal. The IJ also concluded that Arachchillage did not show that he should receive CAT protection. The BIA agreed with the IJ's determination that Arachchillage's asylum application was time-barred, that he failed to demonstrate persecution justifying withholding of removal, and that he was ineligible for CAT protection. The BIA dismissed the appeal, and Arachchillage, through counsel, filed a timely petition for

---

1. JVP stands for Janatha Vimukthi Peramuna (People's Liberation Front).

review. The government opposes the petition.

## II.

Under the Immigration and Nationality Act ("INA"), "[n]o court shall have jurisdiction to review any determination of the Attorney General" that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). Thus, we lack jurisdiction to review the agency's dismissal of Arachchillage's asylum application as barred by the one-year limitations period, as well as whether the statutory period was tolled by changed conditions. *See Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir.2003). Although the REAL ID Act of 2005, 8 U.S.C. § 1252(a)(2)(D), restored judicial review of constitutional claims and questions of law presented in petitions for review, Arachchillage presents no such claim regarding the timeliness of his asylum application. *See Jarbough v. Att'y Gen.*, 483 F.3d 184, 188 (3d Cir.2007).

We do, however, have jurisdiction over Arachchillage's challenge to the denial of withholding of removal and relief under the CAT. *See Tarrawally*, 338 F.3d at 185–86. We review these factual determinations under the substantial evidence standard, and will uphold the decisions "unless the evidence not only supports a contrary conclusion, but compels it." *Zhang v. Gonzales*, 405 F.3d 150, 155 (3d Cir.2005) (internal citations omitted).

To qualify for withholding of removal, Arachchillage must show that if returned to Sri Lanka, a clear probability exists that his life or freedom would be threatened because of his political opinion. *See Li Wu Lin v. INS*, 238 F.3d 239, 244 (3d Cir.2001). Withholding of removal has a higher burden of proof than asylum. *Id.*; *Lukwago v. Ashcroft*, 329 F.3d 157, 182 (3d Cir.2003). To meet the more stringent standard for withholding of removal, an applicant must provide objective evidence that future persecution is "more likely than not" to occur upon removal. *Lukwago*, 329 F.3d at 182 (citing 8 C.F.R. § 208.16(b)(2)); *see also Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir.2005).

We agree that Arachchillage failed to prove a well-founded fear of future persecution.[2] Arachchillage's claims are based on speculation that the JVP was responsible for the abduction of a political colleague and the burning of his father's house. He provides no objective evidence that he will be targeted on account of his involvement with UNP or his political beliefs if he returns to Sri Lanka. He does not show that the government would be unwilling or unable to control any alleged persecution, especially when in light of his testimony regarding the efforts by the Sri Lankan police to investigate his colleague's abduction. *Cf. Lie v. Ashcroft*, 396 F.3d 530, 537–38 (3d Cir.2005). Arachchillage also testified that he was able to return to Sri Lanka, unharmed, after a two-week trip abroad, as well as depart Sri Lanka without incident using his own passport. This evidence undercuts his claim of a clear probability of persecution. *See Toure v. Att'y Gen.*, 443 F.3d 310, 318 (3d Cir.2006).

Finally, the record is devoid of any evidence that would render Arachchillage eligible for CAT protection, as he fails to show that it more likely than not that he will face torture if removed to Sri Lanka. *See Zubeda v. Ashcroft*, 333 F.3d 463, 471

---

**2.** Arachchillage did not contest on appeal to the BIA whether the IJ erred in determining that he failed to demonstrate past persecution. Thus, he has failed to exhaust his administrative remedies regarding this issue, and this Court lacks jurisdiction to address this issue. *See* 8 U.S.C. § 1252(d)(1).

(3d Cir.2003). Accordingly, we will deny Arachchillage's petition.